IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:   1:07cr8/WS/GRJ
                                                    1:10cv251/WS/GRJ

CARLOS STUCKEY

---

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (doc. 77.)  The Government has filed a response (doc. 82) and Defendant filed a reply. (doc. 91.)  Defendant has also filed a motion to supplement his arguments (doc. 84), to which the Government has not responded. The court will grant the motion to supplement, to the extent the supplemental arguments will be considered.  After a careful review of the record and the arguments presented, it is recommended that the § 2255 motion should be denied.

## PROCEDURAL BACKGROUND

Defendant was charged in a four count indictment with conspiracy to possess with intent to distribute more than fifty (50) grams of crack cocaine and three counts of distribution of more than five (5) grams of crack cocaine. (doc. 1.)  The Government filed a notice of prior convictions in which it identified four prior felony drug convictions, three of which were part of a single Orange County, Florida case. (doc. 24.)  Defendant pleaded guilty to Count One, the conspiracy charge, pursuant to a written plea

agreement and factual basis. (docs. 30–32.)  The plea agreement provided that if the

court determined that Defendant had "prior qualifying felony drug convictions,"[1] he

would face a mandatory minimum term of life imprisonment. (doc. 30 at 2.)  Defendant

admitted in the written Factual Basis that he had four prior felony drug convictions. (doc.

30-2 at 3.)  The Factual Basis also detailed three individual sales of cocaine base,

totaling 87.9 grams, and noted that Defendant told the confidential source that he

cooked the crack himself. (*id*. at 1–3.)

During the plea colloquy, the Government outlined its proof in support of the plea

by restating the facts set forth in the Factual Basis.  Defendant again admitted that the

facts as prpferred by the Government and set forth in the Factual Basis were true and

correct.  He also acknowledged that he had signed the document. (doc. 65 at 14–17.)

At the conclusion of the hearing, Defendant entered a plea of guilty. (*id*. at 30.)

The Presentence Investigation Report ("PSR") was disclosed to the defense on

October 24, 2007. (doc. 34.)  Defendant's base offense level was 32, and after a two

level adjustment for acceptance of responsibility his total offense level was 30 (PSR ¶¶

24, 30, 32, 33).  He had a criminal history category of V (PSR ¶ 47).  The applicable

guidelines range of 151 to 188 months imprisonment was trumped by the statutory

mandatory minimum of life imprisonment (PSR ¶¶ 74, 75).

Sentencing was conducted in February of 2009 after numerous continuances.

(docs. 35–50, 52–55.)  Sentencing had been delayed because from the date that

Defendant entered his guilty plea because the Defendant had been cooperating with

---

[1]The agreement omitted the word "two."

the Government in hopes of receiving a 5K1 motion. (doc. 66 at 2–3.)  Defendant

complained about the performance of his attorney, who explained that Defendant

wanted yet another continuance, although counsel had no basis to request a

continuance because it did not appear that the Government would file a 5K1 motion.

(*id.* at 3–5.) The Government clarified that its agents did not believe Defendant had

been forthcoming in providing all the information known to him and, therefore, there

was no basis for the Government to present a substantial assistance motion at that

time. (*id.* at 6–7.)  The court then identified Defendant's prior convictions, which he

affirmed on the record. (*id*. at 7–8.)  Counsel offered no objection to the PSR, but stated

for the record his opinion that the sentence was disproportionate both to Defendant's

crime and his past conduct and sated that in other areas of the country the Government

did not routinely file the enhancements. (*id*. at 8–9.)  When offered the opportunity to

speak, Defendant said that he had tried to cooperate fully with the Government and that

had he known the consequences of the activities he was involved in were so great, he

would not have gotten into anything like that. (*id*. at 9.)   The court sentenced Defendant

to the statutory mandatory minimum sentence of life imprisonment. (*id*. at 10.)

Defendant appealed, and counsel filed an <u>Anders</u> brief.  The Eleventh Circuit

affirmed Defendant's conviction and sentence after its independent review of the record

revealed no arguable issues of merit (doc. 74 at 4; <u>United States v. Stuckey</u>, 350 F.

App'x 418 (11th Cir. 2009)).

The instant motion was timely filed on December 16, 2010.  Defendant

separates his claims into four grounds for relief, but each of his claims, as well as the

arguments raised in his supplement, center around his assertion that the controlled substance in question was not cocaine base, but merely cocaine.  The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### *General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340,

1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994).

Once a matter has been decided adversely to a defendant on direct appeal, it cannot

be re-litigated in a collateral attack under section 2255. <u>Nyhuis</u>, 211 F.3d at 1343

(quotation omitted). Broad discretion is afforded to a court's determination of whether a

particular claim has been previously raised. <u>Sanders v. United States</u>, 373 U.S. 1, 16

(1963) ("identical grounds may often be proved by different factual allegations . . . or

supported by different legal arguments . . . or couched in different language . . . or vary

in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct

appeal, and issues which could have been raised on direct appeal are generally not

actionable in a section 2255 motion and will be considered procedurally barred. <u>Lynn</u>,

365 F.3d at 1234–35; <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998); <u>McKay v.

United States</u>, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct

appeal when its merits can be reviewed without further factual development." <u>Lynn</u>,

365 F.3d at 1232 n. 14 (quoting <u>Mills</u>, 36 F.3d at 1055). Absent a showing that the

ground of error was unavailable on direct appeal, a court may not consider the ground

in a section 2255 motion unless the defendant establishes (1) cause for not raising the

ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that

is, alternatively, that he is "actually innocent." <u>Lynn</u>, 365 F.3d at 1234; <u>Bousley</u>, 523

U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must

show that "some objective factor external to the defense prevented [him] or his counsel

from raising his claims on direct appeal and that this factor cannot be fairly attributable

to [defendant's] own conduct." <u>Lynn</u>, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* <u>Nyhuis</u>, 211 F.3d at 1344.

To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984); <u>Darden v. United States</u>, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying <u>Strickland</u>, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. <u>Strickland</u>, 466 U.S. at 697; <u>Brown v. United States</u>, 720 F.3d 1316, 1326 (11th Cir. 2013). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. <u>Strickland</u>, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." <u>Gordon v. United States</u>, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); <u>Chandler</u>, 218 F.3d at 1315.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369–70 (1993); <u>Allen v. Sec'y, Fla. Dep't of Corr.</u>, 611 F.3d 740, 754 (11th

Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  Id. at 203.

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th

Cir. 1989) (citations omitted).  Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  Lynn, 365 F.3d at 1239.

### *Identity of the Controlled Substance*

Each of Defendant's claims rests on his current assertion that the controlled substance in question was powder cocaine rather than crack cocaine, and that he should have been sentenced accordingly.  In Ground One, he faults his attorneys for their failure to investigate and discover this fact.  In Ground Two he appears to suggest that counsel should have appealed the court's decision to sentence him based on crack cocaine absent any conclusive laboratory analysis.  In Ground Three he asserts that the district court lacked jurisdiction to sentence him under the enhanced penalties for crack cocaine when the substance in question was only cocaine.  Finally, in Ground Four he asserts that the court lacked jurisdiction to accept his plea based on an indictment that included erroneous information about the identity of the controlled substance.

The Government argues that Defendant's claims, with the exception of his ineffective assistance of counsel claim, are procedurally barred due to his failure to raise them on appeal.  Nyhuis, 211 F.3d at 1434–44.  To the extent Defendant's claims are cognizable in this 2255 motion, they are refuted by the record.

Both the plea agreement and factual basis, each of which was separately signed by Defendant, specifically identifies the drugs involved in the three controlled buys and distinguishes between cocaine and cocaine base.  One of Defendant's sales to the confidential informant specifically referenced the fact that the controlled substance sold by Defendant was in the form of "cookies" (doc. 30-2 at 1–2).  Furthermore, Defendant

apparently informed the confidential source that Defendant had "cooked the crack himself" (*id*. at 3).

Second, after having been placed under oath, Defendant admitted his involvement with crack cocaine at the plea colloquy, and re-confirmed the truth of the assertions set forth in the statement of facts. (doc. 65 at 11–17.)   Solemn declarations made under oath in open court carry a strong presumption of verity.  Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) (citing United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987)); United States v. Thomas, 488 F. App'x 440 (11th Cir. 2012) (citing Gonzalez-Mercado).  They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice.  Blackledge, 431 U.S. at 73–74;  United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984) ("[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion . . . include credible, valid reasons why a departure from those earlier contradictory statements is now justified."); *see also* Gonzalez-Mercado, 808 F.2d at 800 n.8 (while not insurmountable, there is a strong presumption that statements made during a plea colloquy are true, citing Blackledge and other cases); Downs-Morgan v. United States, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); Potts v. Zant, 638 F.2d 727, 750–51 (5th Cir. 1981) (citing United States v. Sanderson, 595 F.2d 1021 (5th Cir. 1979)).  Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false."  United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988);

United States v. Green, 275 F. App'x 941 (11th Cir. 2008); United States v. Cardenas, 230 F. App'x. 933 (11th Cir. 2007).

Defendant bases his argument that the substance was cocaine and not crack cocaine by pointing to a March 2, 2007 Florida Department of Law Enforcement ("FDLE") memo referencing a sample of suspected crack cocaine weighing approximately 50.10 grams, that was determined to be "cocaine, 35.2 grams" (doc. 77 at 18).[2] Defendant maintains that this notation proves that the substance was not crack cocaine.

In response, the Government has submitted a memorandum letter dated February 18, 2011 from Kim Lardizabala, Crime Laboratory Analyst Supervisor, Chemistry and Evidence Sections of the FDLE. Ms. Ladrizabal explains that:

> The FDLE laboratory chemistry section is primarily charged with analyzing items to determine if they are controlled under Florida Statute. The Statute lists cocaine, irrespective of the form of cocaine (salt/base). [see § 893.03 Fla. Stat.] Therefore, the laboratory would not analytically determine the form of cocaine exhibits unless specifically requested to, for example, due to the case being tried under Federal Law.

(Doc. 82-1). She further notes that several FDLE laboratory case numbers, including 20070401565 – the case referenced in the exhibit presented by Defendant – contained no request for a determination as to the kind of cocaine. Therefore, no differentiation was made. Regardless of the lack of specific laboratory analysis, Defendant's admissions under oath, plus the fact that Defendant gave up the right to

---

[2]This was the controlled substance involved in the first controlled buy (see doc. 30-2 at 2).

"compel the Government to prove his guilt beyond a reasonable doubt" (doc. 30 at 2), in this case, as to the precise form of the cocaine he admitted selling, are a burden he cannot overcome.

The arguments raised in Defendant's motion to supplement are based on his assertion that there was no cocaine base involved in the offense conduct. Defendant asserts that because he was charged in Count One under § 841(b)(1)(A)(iii), which references cocaine base, the "cocaine" from this case cannot support a conviction under this section. He further argues that the 87.9 grams of "cocaine" is insufficient to activate any penalties except those identified in § 841(b)(1)(C), and thus his life sentence is "illegal." Neither of these arguments have merit for the reasons set forth above. Furthermore, Defendant's citation to DePierre v. United States, 131 S.Ct. 2225 (2011) is unavailing, as that case arguably "expanded" the statutory definition of cocaine base by explaining that cocaine base refers not just to crack cocaine but also to freebase and coca paste.

Defendant has not shown that any of his arguments with respect to the identity of the controlled substance have merit and, therefore, he has failed to show that any of his court appointed attorneys were constitutionally ineffective for their failure to raise them. It is well established that counsel is not ineffective for failing to preserve or argue a meritless claim. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); see also Sneed v. Florida Dep't of Corrections, 496 F. App'x 20 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not

ineffective for failing to make a meritless objection to an obstruction enhancement);

Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective

for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907

(11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements

by prosecutor, or accurate statements by prosecutor about effect of potential sentence);

Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing

to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359

(11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably

believes to be of questionable merit); United States v. Winfield, 960 F.2d 970, 974 (11th

Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless

issue).

## CONCLUSION

For all of the foregoing reasons, the court finds that Defendant has failed to show

that any of the claims raised in his motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing

is warranted.  Therefore Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 77) should be **DENIED**.

2.  A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 10th  day of October, 2013.


*s / Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.: 1:07cr8/WS/GRJ; 1:10cv251/WS/GRJ